1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SIDNEY ANDERSON,                    No. CIV S-07-1651-FCD-CMK-P

12              Plaintiff,

13        vs.                      FINDINGS AND RECOMMENDATIONS

14   M. MARTEL, et al.,

15              Defendants.

16   _____/

17        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 20) for

19   failure to exhaust administrative remedies.  Plaintiff has not filed an opposition.

20

21              **I.  BACKGROUND**

22        Plaintiff names the following six individuals as defendants: Martel, Vance,

23   Shannon, Gold, Finnegan, and Biggs.  Plaintiff alleges that these defendants knew of a risk to

24   plaintiff's safety posed by another inmate, who was a known enemy of plaintiff. According to

25   plaintiff, notwithstanding this knowledge, defendants allowed plaintiff and the enemy inmate to

26   become engaged in an altercation which resulted in plaintiff being injured.  Plaintiff also alleges

1

1   that defendants retaliated against him by refusing to process his inmate grievance.

2

3                          **II.  STANDARDS FOR MOTION TO DISMISS**

4          A motion to dismiss for lack of exhaustion of administrative remedies is properly

5   the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt

6   v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to

7   exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed

8   issues of fact."  Id. at 1119-20.  If the court concludes that administrative remedies have not been

9   exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120; see

10  also Jones v. Bock, 127 S.Ct. 910 (2007).

11

12                                  **III.  DISCUSSION**

13         Prisoners seeking relief under § 1983 must exhaust all available administrative

14  remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory

15  regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

16  Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

17  the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

18  while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The

19  Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910

20  (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in

21  the complaint because lack of exhaustion is an affirmative defense which must be pleaded and

22  proved by the defendants; (2) an individual named as a defendant does not necessarily need to be

23  named in the grievance process for exhaustion to be considered adequate because the applicable

24  procedural rules that a prisoner must follow are defined by the particular grievance process, not

25  by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some,

26  but not all, claims are unexhausted.  The Supreme Court also held in Woodford v. Ngo that, in

                                             2

1   order to exhaust administrative remedies, the prisoner must comply with all of the prison

2   system's procedural rules ". . . so that the agency addresses the issues on the merits."  126 S.Ct.

3   2378, 2385-88 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical

4   procedural rules."  Id. at 2386.  Partial compliance is not enough.  See id.

5          A prison inmate in California satisfies the administrative exhaustion requirement

6   by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of

7   Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or

8   policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code

9   Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several

10  levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution

11  head; (4) third level appeal to the director of the California Department of Corrections and

12  Rehabilitation.  A decision at the third formal level, which is also referred to as the director's

13  level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal.

14  Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may

15  summarily reject a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§

16  3084.3(c)(6) and 3084.6(c).  If a group of inmates intend to appeal the same decision or action,

17  one grievance form is used and a list of the participating inmates must be attached.  The list must

18  be legible and state the inmates' names, departmental identification numbers, and housing

19  assignment.  The form must also be signed by all participating inmates.  Currently, California

20  regulations do not contain any provision specifying who must be named in the grievance.

21          In certain circumstances, the regulations make it impossible for the inmate to

22  pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939

23  n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by

24  prison officials as a "staff complaint" and processed through a separate confidential process,

25  prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing

26  Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff

1   complaint." See id. at 940.  If there are separate claims in the same grievance for which further

2   administrative review could provide relief, prison regulations require that the prisoner be notified

3   that such claims must be appealed separately.  See id. at 939.  The court may presume that the

4   absence of such a notice indicates that the grievance did not present any claims which could be

5   appealed separate from the confidential "staff complaint" process.  See id.

6           Defendants argue:

7               In this case, Plaintiff's claims against Defendants were adjudicated
        and granted, in part, at the First and Second Levels of the appeals process
8       (See, January 8, 2008, Declaration of Custodian of Record, and
        accompanying August 31, 2006, and November 29, 2006, Memoranda,
9       attached to this Motion as Exhibits A and B. . .).  Thereafter, Plaintiff
        submitted, and CDCR's Inmate Appeals Branch received, his request for a
10      Third Level review of his grievance on June 18, 2007.  However,
        Plaintiff's request to have his claims adjudicated at the Director's [Third]
11      Level was screened out (i.e., not accepted for review) because Plaintiff did
        not file his appeal request within the requisite fifteen working days
12      following his receipt of the Second Level ruling.  (See, Declaration of N.
        Grannis, Chief of CDCR's Inmate Appeals Branch, p.2, ¶ 4, attached to
13      this Motion as Exhibit C. . .).

14  As to plaintiff's contention that defendants conspired to thwart review of his prison grievances,

15  defendants state:

16              The real reason for Plaintiff's failure to exhaust his administrative
        remedies was his own dilatory behavior, not Defendants' conspiratorial
17      efforts as alleged.

18  A review of the declarations submitted by defendants reveals that plaintiff failed to fully exhaust

19  his administrative remedies through the Third (Director's) Level of review.  Specifically, the

20  declaration of N. Grannis establishes that, while plaintiff's Third Level appeal was received on

21  June 18, 2007, it was not accepted because it was untimely.

22          As to plaintiff's allegation that defendants conspired to thwart review of his

23  grievances, plaintiff states in the complaint that "defendants retaliated against plaintiff by failing

24  to process his Third Level appeal. . . ."  However, plaintiff adds no specific allegations and has

25  not opposed defendants' motion.  The court finds plaintiff's contention to be, at best , vague,

26  conclusory, and unsupported.

**IV.  CONCLUSION**

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 20) be granted and that this action be dismissed for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 21, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE