IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIDNEY ANDERSON,                                    No. CIV S-07-1651-FCD-CMK-P

       Plaintiff,

  vs.                                                              ORDER

M. MARTEL, et al.,

       Defendants.

_____ /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Final judgment was entered on June 2, 2008, and plaintiff did not appeal. Pending before the court is plaintiff's motion for reconsideration (Doc. 28) filed on August 10, 2010.

        The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than ten days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three

1

1  grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the
2  availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.
3  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986),
4  rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988);
5  see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School
6  Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

7  Under Rule 60(a), the court may grant reconsideration of final judgments and any
8  order based on clerical mistakes. Relief under this rule can be granted on the court's own motion
9  and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and
10 docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is
11 pending. See id.

12 Under Rule 60(b), the court may grant reconsideration of a final judgment and
13 any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable
14 neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been
15 discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct
16 of an opposing party. A motion for reconsideration on any of these grounds must be brought
17 within a reasonable time and no later than one year of entry of judgment or the order being
18 challenged. See Fed. R. Civ. P. 60(c)(1).

19 In his motion, plaintiff argues that the court erred in concluding that his claims
20 were unexhausted because defendants thwarted his attempts to complete the administrative
21 exhaustion process. This argument was raised in the context of defendants' original motion to
22 dismiss and addressed by the court. Plaintiff does not now point to any new evidence or change
23 in controlling law which would change the court's conclusion. Plaintiff had every opportunity to
24 present his evidence and argument at the time the original motion was considered. Moreover,
25 more than one year has passed since entry of final judgment and, for this reason, plaintiff's
26 motion is untimely.

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for
2 reconsideration (Doc. 28) is denied and no further motions will be entertained in this closed case.
3 Dated: August 16, 2010.

                                            FRANK C. DAMRELL, JR.
                                            UNITED STATES DISTRICT JUDGE